WILLIAM H. HAYNES *v.* ISHAM BOLIN.

**Appeal—Bill of Exceptions—Pleadings.**

Court of appeals will not consider evidence said to have been submitted to the trial court when the same is not made a part of the record by a bill of exceptions.

**Pleadings.**

Where there is a bad answer to a bad petition, the judgment will not be reversed at the instance of the party who first committed error in his pleadings.

APPEAL FROM RUSSELL CIRCUIT COURT.

October 9, 1874.

OPINION BY JUDGE COFER:

This was an ordinary action, and there is no bill of exceptions showing what evidence was heard by the circuit court; and although there is a large amount of what purports to be the evidence heard by that court, we cannot, as we have very often decided in similar cases, consider it at all upon the appeal. The case must, therefore, be decided on the pleadings. The judgment for appellee was for less than the amount of the note sued on, and the judgment must be affirmed as to him, his set-off having been controverted by the reply of appellee.

It is insisted for appellee, who prosecuted a cross-appeal, that the answer to his amended petition setting up an account against appellant, is insufficient, and that it should have been taken for confessed, and judgment rendered for the amount of the account. If the amended petition had been in the usual form of a petition on an account, we should have regarded the answer to it as insufficient as to most of the items; but when we consider the amendment, we are of opinion that the answer was as good as the petition; neither are sufficient, but as both parties have proceeded upon bad pleas, and they and the court have treated them as sufficient, and tried the case on its merits, we cannot reverse the judgment at the instance of the party who first committed error in his pleading.

The usual form of a petition on such an account would be to charge that the defendant was indebted to the plaintiff for cash loaned, services rendered, and so forth, setting out the particulars "all of which was done, furnished, etc., at the special instance and request of the defendant," etc.; but the allegation in this case is that the defendant, "in the sum of $734.19 for services, items, and charges set forth and contained in the bill of particulars herein filed as a part hereof, marked A, asks leave to file this amended petition, because the defendant justly owes him every dollar of said account A, subject to a credit for boarding which, upon fair settlement, will leave defendant largely indebted to this plaintiff in addition to, and over and above the note sued on." No judgment

could have been rendered on such a pleading, if wholly unanswered, and the utter impossibility of doing so legally is made still more manifest, if possible, by the prayer with which it concludes, which is, that he "prays judgment as in his original petition, and also on this account, or so much of it as may be found due him, and for all proper relief." So far from taking such a pleading for confessed, the court could not have made it the basis of a judgment if unanswered, and if the judgment for appellee exceeded the amount of the note sued on, we would be compelled to reverse it. Perceiving no available error to the prejudice of either party, the judgment is *affirmed* on both original and cross-appeal.

*Owsley & Burdett, for appellant.*
*Collins & Hays, for appellee.*